# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH JEFFERSON,

    Defendant.

Case No. 2:96-cr-00212-LDG

**ORDER**

The defendant, Joseph Jefferson, moves to reduce his sentence (#94) pursuant to 18 U.S.C. §3582(c), pursuant to the retroactive amendment to the sentencing guidelines for cocaine base.  The court appointed counsel to represent Jefferson (#96), and ordered Probation to prepare a supplemental presentence report.  Probation prepared that report, and Jefferson filed a supplement to his request for relief (#98).  The United States opposes the request for relief (#99).  Having considered the papers and pleadings, the court will deny the request for relief.

Pursuant to §3582(c)(2), the court may modify the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o). . . ."  Effective November 1, 2007, the Sentencing Commission amended the

U.S.S.G. §2D1.1 drug quantity table, thereby lowering the base offense level for offenses involving cocaine base. *See* U.S. Sentencing Guideline Manual, Appendix C, Amdt. 706. The amendment was made retroactive effective March 3, 2008.

The United States indicted Jefferson for two counts of distributing cocaine base, a controlled substance, in violation of 21 U.S.C. §841(a), and one count of possession of a controlled substance, in violation of 21 U.S.C. §841(a). The defendant pled guilty to the third count, alleging possession of a controlled substance.

In determining the guideline sentencing range applicable to the defendant, the court first determined that his base offense level and adjusted offense level, calculated pursuant to §2D1.1 of the Sentencing Guidelines, was 36. The court next applied §4B1.1(a) and found that Jefferson is a career offender. Applying §4B1.1(b), the court found that Jefferson's offense level was 37 because (a) 37 is the offense level in the §4B1.1(b) table for offenses having a statutory maximum term of imprisonment of life, and (b) this offense level of 37 from the career offender table was greater than the offense level of 36 that was otherwise applicable. After reducing the career offender offense level by three points for acceptance of responsibility, the court determined that the sentencing range applicable to Jefferson was 262 - 327 months. The court then considered and granted a downward departure of twelve months from this sentencing range, and imposed a sentence of 250 months incarceration.

The question before the court is whether, pursuant to 18 U.S.C. §3582(c)(2), it has authority to modify Jefferson's sentence. As noted previously, §3852(c)(2) grants such authority only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." Without dispute, Jefferson was sentenced to a term of imprisonment. Also without dispute, that term of imprisonment was based on a sentencing range that the court determined to be 262 - 327 months. Also

without dispute, the Sentencing Commission has not, pursuant to §994(o), amended any guideline that would result in the lowering of this sentencing range.  As explained previously, the sentencing range was the result of defendant's career offender status, as calculated pursuant to §4B1.1.  The Sentencing Commission has not amended §4B1.1.  As the Sentencing Commission has not amended any guideline provision that would lower the sentencing range upon which Jefferson's term of imprisonment was based, this court lacks authority to modify his sentence.

Jefferson argues that, as suggested by *United States v. Hicks,* 472 F.3d 1167 (9th Cir. 2007), this court has discretion to depart from the guidelines, including the discretion to depart from §1B1.10, when issuing a new sentence under §3582(c)(2).  The argument is not relevant.  The threshold issue before the court is not the scope of the court's discretion in applying the guidelines, including §1B1.10, once it has authority to issue a new sentence pursuant to §3582(c)(2), but the more fundamental question whether the court has, in the first instance, authority to issue a new sentence pursuant to §3582(c)(2).  In answering that threshold question, the court has determined that it lacks such authority.

Jefferson next argues that §3582(c)(2) "merely requires that a defendant's guideline range have been 'based on' a subsequently amended, retroactively applicable guideline provision."  From this characterization of §3582(c)(2), he suggests that a sentencing range is "based on" a subsequently amended guideline if the guideline was considered at any point in the guideline calculation.  The argument fails because it misstates the language of §3582(c)(2).  Section 3582(c)(2) provides relief to defendants whose <u>term of imprisonment</u> (not the sentencing range) was "based on" a <u>subsequently lowered sentencing range</u>.  Accordingly, the critical analysis required by §3582(c)(2) is not whether the sentencing range is "based on" a subsequently amended guideline, but whether the sentencing range (upon which is incarceration is based) "<u>has subsequently been lowered</u> by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In the present matter, the sentencing range

upon which Jefferson's incarceration was based has not been lowered.  It was and remains

262 - 327 months.  The defendant does not offer any argument or suggestion that an

amendment promulgated by the Sentencing Commission has lowered this sentencing

range.  As the sentencing range, upon which the defendant's term of incarceration was

based, has not been lowered, §3582(c)(2) does not provide relief to Jefferson.

Accordingly,

THE COURT **ORDERS** that defendant Joseph Jefferson's Motion to Reduce

Sentence Pursuant to 18 U.S.C. §3582(c) (##94, 98) is DENIED.

DATED this _____ day of March, 2009.

_____

Lloyd D. George
United States District Judge